[No. 18284.  *En Banc.*  December 3, 1924.]

## *In re* RIVERSIDE IRRIGATION DISTRICT.[1]

WATERS AND WATER COURSES (88)—IRRIGATION DISTRICTS—
NATURE AND POWERS—STATUTES. Rem. Comp. Stat., §§ 7417-7504,
clearly contemplate that one irrigation district may be superimposed on others until the needs of the land are fully met, especially in view of Id., § 7436, recognizing existing water rights, without any limitation as to the source (FULLERTON, J., dissents).

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered May 16, 1923, upon findings in favor of the plaintiff, confirming proceedings for the organization of an irrigation district, tried to the court. Affirmed.

*W. C. Gresham* and *P. D. Smith,* for appellants.

*F. V. Brock* and *Johnson & O'Connor,* for respondent.

*The Attorney General, B. B. Adams, Assistant, Burcham & Blair, Carroll B. Graves,* and *F. J. Cunningham,* amici curiae.

### ON REHEARING.

TOLMAN, J.—This case was heretofore heard and decided by a Department of this court, and the Departmental opinion is reported in 129 Wash. 627, 225 Pac. 636. The appellants have acquiesced in that decision, but the *Attorney General* and others appearing as *amici curiae* having petitioned for a rehearing *En Banc,* and their petition having been granted, the case has again been considered by the whole court.

The former decision is not attacked so far as it holds that one irrigation district may be superimposed upon another, and the lands benefited, in a proper case, be

[1]Reported in 230 Pac. 649.

assessed in both districts; but the objection seems to be that the language used is susceptible of a construction which will limit the holding of this court in *State ex rel. Clancy v. Columbia Irrigation District,* 121 Wash. 79, 208 Pac. 37. It was not and is not the intention of this court to in any manner either limit or extend the doctrine of the *Clancy* case, and what has been said, and what is here said should be read with that thought in mind.

That part of the Departmental opinion which likens an irrigation district to a local improvement district contains language which we now hold may be disregarded. An irrigation district is purely a creature of statute, and has the powers which the statutes confer directly or by necessary implication, and no others; but it is a legal entity that has full authority to exercise all of the powers which the statutes so confer. Section 7436, Rem. Comp. Stat. [P. C. § 3214] provides:

"Assessments made in order to carry out the purposes of this act shall be made in proportion to the benefits accruing to the lands assessed and equitable credit shall be given to the lands having a partial or full water right: Provided, that nothing herein shall be construed to affect or impair the obligation of any existing contract providing for a water supply to lands so assessed, unless the right under such contract shall first have been acquired by said district, and in acquiring such rights, the district may exercise the right of eminent domain."

The legislative recognition of existing water rights in the provision quoted, without any limitation as to the source of such rights, is a strong indication of an implied right to superimpose one district upon another; and when the nature of the service rendered is considered, this implication becomes too manifest to be doubted. It is apparent that, where irrigation is

required, sufficient water to insure full productivity is the ultimate end to be achieved. Less than that is wasteful inefficiency, and more is wholly unnecessary and useless. In developing an arid country, the cheap and nearby sources are first developed. These may, at small cost, furnish to the land in a district sufficient water to bring a crop into a condition of promise; but as the whole district is developed, they may lack the little absolutely necessary to convert a promise into full performance in the form of an abundant harvest, so another irrigation district is organized and superimposed, which goes to a greater distance and at much greater expense per unit produces the little required to turn failure into full success. Is the landowner required to give up his first and cheaper supply in order to obtain the small and expensive final acre-foot? Manifestly not, because both are necessary. There is no conflict between them, and the last but supplements the first.

Herein lies the distinction which takes the case out of the rule laid down by Dillon on Municipal Corporations (5th ed.) § 354, cited in the Departmental opinion.

"There *cannot be,* at the same time, *within the same territory, two distinct municipal corporations,* exercising the *same* powers, jurisdictions, and privileges."

Here there is no conflict between the two corporations. One but supplements the other and supplies that additional service which is beyond the power of the other to give. As Blackstone says, "Reason is called the soul of the law; for when reason ceases the law itself ceases."

That the statute, by necessary implication, gives the right and power to superimpose districts until the needs of the lands therein embodied are fully met,

seems so obvious that further discussion would be superfluous, and since that is the only question involved in this appeal, all language in the Departmental opinion which seems to have a tendency to limit or in any wise affect our previous decisions relating to other features of the law of irrigation districts is hereby withdrawn.

The judgment appealed from is affirmed.

MAIN, C. J., HOLCOMB, MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.

PEMBERTON, J., concurs in the result.

FULLERTON, J., dissents.